UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE: )
THE MATTER OF THE COMPLAINT )
OF THE AMERICAN MILLING CO., )
UNLIMITED, H&B MARINE, INC., and )
AMERICAN MILLING, L.P., a limited ) Case No. 4:98CV575SNL
partnership, for exoneration from or )
limitation of liability, )
 )
        Petitioners. )

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. On or about December 19, 2005, this Court entered an order seeking "position papers" from all interested parties in connection with a "protocol meeting" scheduled for January 23, 2006. *See*, Court Order #1668. The Court had scheduled the "protocol meeting" in order to consult with counsel as to the concerns of both the Court and counsel as to the manner by which this case should now proceed as to the monies held in the Limitation Fund. Various opinions had been informally generated as to the priority given to each category of claimants in having their claim adjudicated. The Court sought "position papers" to clarify these opinions and then to discuss same at the "protocol meeting".

On January 23, 2006, the "protocol meeting" was held. Counsel for American Milling, President Casino, President Casino's primary insurer Zurich, Brennan Marine Co., Pinnacle Barge Co, Pinnacle Transportation, and several individual claimants were present. Lengthy discussion between the Court and counsel ensued and as a result of these discussions, and the papers filed[1], the Court is now ready to make some protocol decisions as to how this case should proceed.

---

[1]Although a few of the individual claimants were represented by counsel at the "protocol meeting"; no claimants or any counsel representing a claimant filed a "position paper" addressing any particular issue or voicing an objection to any position taken by one of the other parties.

Firstly, the Court finds that President Casino's liability, whatever that may be, to the individual claimants[2] is joint and several. Furthermore, the individual claimants may proceed against the President Casino, or its insurer, to recover the full measure of their damages. Finally, the Court finds that due to the bankruptcy stay in place, the individual claimants, to the extent they have claims against the President Casino, can only collect from the President Casino's insurer, Zurich. No personal injury claim, or any part there of, may be collected from the Limitation Fund.

Secondly, the Limitation Fund is not available for payment of any costs/expenses associated with mediation; including but not limited to, the fees of one or more mediators. Thus, the Court will not order any claim to be submitted to mediation (or arbitration). The parties are not precluded from voluntarily agreeing to submit any claim to mediation or arbitration; however, any and all costs associated with the mediation/arbitration shall be remitted from the parties themselves. Furthermore, the Court does not consider having one or more of the United States Magistrate Judges adjudicate any claim to be in the best interests of the parties or an efficient use of judicial resources.

Finally, the Court believes the further adjudication of this case can be best accomplished expeditiously in the following manner:

> 1) President Casino, the barge owners, and American Milling shall meet to discuss the pending property damage claims.[3] Hopefully, some, if not all

---

[2] The Court's term "individual claimants" refers to the casino patrons who currently remain in this case and have a personal injury claim pending as a result of the allision in April 1998. Other nomenclatures have been used: "personal injury claimants"; "casino patron claimants", etc.; however, the Court will continue to identify these persons as the "individual claimants".

[3] The Court is uncertain as to whether or not President Casino's insurer Zurich is necessary to these discussions. For now, the Court will leave it up to President Casino, the barge owners,

2

of these claims can be stipulated to and no further active litigation will be necessary. However, in the event, one or more property damage claims cannot be worked out, then the parties shall notify the Court and submit a Joint Scheduling Plan from which the Court may enter a Case Management Order. Such a Joint Scheduling Plan shall be submitted on or before **March 1**, **2007.**

2) Counsel for the individual claimants and President Casino's insurer, Zurich shall meet and discuss the pending personal injury claims.[4] It is suggested that Zurich's counsel contact each individual claimant and/or counsel and elicit the necessary information required as to whether or not any particular claim is reasonably capable of settlement. If the parties choose to settle without formal mediation, fine; however, if the parties choose to enter settlement negotiations with the assistance of a mediator, such costs will be borne by the parties themselves. All settlement negotiations, whether via a mediator or not, shall be concluded on or before **June 1**, **2007.**

For those claims not settled, counsel shall notify the Court and submit a Joint Scheduling Plan from which the Court may enter a Case Management Order. Such a Joint Scheduling Plan shall be submitted on or before **July 10, 2007.**

---

and American Milling to decide.

[4]The Court is uncertain as to whether or not President Casino's counsel is necessary to these discussions. For now, the Court will leave it up to President Casino, Zurich, and the individual claimants to decide.

It is the Court's fervent hope that many, if not all, of the pending personal injury and property damage claims can be mutually settled. However, those claims that cannot be settled will be set for trial. The Court believes that in the best interests of the parties and for effective use of judicial resources, two (2) separate trials will be set: one for any remaining personal injury claims; and one for any remaining property damage claims. Depending on the number of unresolved personal injury claims, the Court will determine at a later date as to whether to consolidate these claims, for trial purposes only, or to adjudicate these claims separately.

Accordingly,

**IT IS HEREBY ORDERED** that this cause of action shall proceed as set forth above.

Dated this    20th    day of November, 2006.

                                                                   *Stephen N. Limbaugh*
                                                                   SENIOR UNITED STATES DISTRICT JUDGE